**UNITED STATES**

v.

**Specialist Four El Roy EASTMAN, 549–78–3923, US Army, Combat Support Company, 3d Battalion, 36th Infantry, 3d Armored Division, APO New York 09045.**

**CM 430550.**

U. S. Army Court of Military Review.

Sentence Adjudged 18 April 1973.

Decided 31 Oct. 1975.

Appearances: Appellate counsel for the Accused: CPT Albert T. Berry, JAGC; CPT Winston E. King, JAGC; COL Victor A. De Fiori, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Nancy M. Giorno, JAGC; CPT John R. Erck, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DONAHUE, Judge:

The appellant was convicted of premeditated murder and as an accessory after the fact in violation of Articles 118 and 78 of the Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. §§ 918 and 878, respectively. (During the trial the military judge granted a motion for a finding of not guilty of perjury in violation of Article 131, U.C.M.J., 10 U.S.C. § 931.) The reviewing authority reduced the murder conviction to an aggravated assault in violation of Article 128, U.C.M.J. 10 U.S.C. § 928, and reduced the sentence to the amount reflected above.

Prior to his own trial, the appellant testified under a grant of use (testimonial) immunity at the Article 32 investigation of two co-actors, Knighton and Riley. After their conviction these two individuals were prosecution witnesses at the appellant's trial.

■ The Government had a heavy burden of affirmatively proving that no evidence was derived, directly or indirectly, from the testimony compelled from the appellant under the grant of immunity. *United States v. Rivera,* 23 U.S.C.M.A. 430, 50 C.M.R. 389, 1 M.J. 107 (1975). It tried to meet this burden at an evidentiary hearing during the trial. We hold that this burden was not met.

Several people in the appellant's prosecutorial chain read his immune testimony (Article 32 investigating officer, drafter of the pretrial advice and staff judge advocate rendering pretrial advice). An indictment obtained from a grand jury which heard testimony compelled under a grant of use immunity would be of doubtful validity. *Goldberg v. United States,* 472 F.2d 513 (2nd Cir. 1973). The personnel listed above are involved in a sufficiently analogous role for this purpose to preclude their exposure to the immune testimony.

■ If the prosecutor himself reads immune testimony in connection with subsequent criminal proceedings, reversal is required. *United States v. Dornau,* 359 F.Supp. 684 (S.D.N.Y. 1973). Here, with one exception, this did not happen. The exception, which centered around the perjury charge, resulted in the prosecutor reading one page of the appellant's immune testimony. We are of the opinion that when it is alleged that the accused perjured himself during the immune testimony, any perjury prosecution must be completely sep-

arate from the other offenses being prosecuted.

In *Rivera,* the Court of Military Appeals clearly stated that only the exceptional case can be tried after a grant of use immunity. The Department of Justice follows similar restraints in federal cases. Department of Justice Memorandum No. 595, Supplement 1, September 2, 1971 and Supplement 2, June 9, 1972.

When such prosecutions do take place, Federal case law and law review commentators generally agree that certain minimum guidelines must be followed. Some of the guidelines that would appear to be applicable to trials by courts-martial include:

▇ a. No use, direct or derivative, can be made of the immune testimony. The burden of proof is on the Government to establish this at an evidentiary hearing. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). *See The Supreme Court, 1971 Term,* 86 Harv.L.Rev. 181 (1972). Prosecutorial use of testimony could include assistance in focusing the investigation, deciding to initiate prosecution, refusing to plea bargain; interpreting evidence, planning cross-examination, and planning trial strategy. *United States v. McDaniel,* 482 F.2d 305 (8th Cir. 1973).

▇ b. The Government should be confined to evidence which was certified by the court before the testimony was compelled. *Note, Standards for Exclusion in Immunity Cases After Kastigar and Zicarelli,* 82 Yale L.J. 1971, 182 (1972). Although the peculiar nature of military courts would probably preclude pretestimonial certification, we believe that procedures that would accomplish the same substantive result could be established by departmental regulation.

▇ c. To assure non-use, no one involved in the prosecution of an accused may read his immune testimony. As we have already indicated, we believe this would include all personnel involved in pretrial activities such as the Article 32 investigating officer, all personnel involved in pretrial

advice to the convening authority and the convening authority himself. The prosecutor, of course, cannot read the immune testimony. Such non-use could be assured by the transfer of jurisdiction over the accused to another convening authority for any action he deemed appropriate. Only the untainted evidence could be furnished for the new convening authority's consideration.

Although we reverse specifically because personnel in the appellant's prosecutorial chain read his immune testimony, we do not order a rehearing because we are also convinced that problems centering around the use of Knighton and Riley as witnesses against the appellant would preclude successful prosecution. *United States v. Rivera, supra* at 23 U.S.C.M.A. 433, 50 C.M.R. 392, 1 M.J. 107.

The findings of guilty and the sentence are set aside and dismissed.

Judge COSTELLO concurs.

CLAUSE, Senior Judge, concurring in results:

A grant of immunity creates a burden on the prosecution of showing an independent legitimate source for its evidence. This burden is more than a negation of taint, and requires proof that the evidence it proposes to use was "derived from a legitimate source wholly independent of the compelled testimony." *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). Compliance with this burden should be established at an evidentiary hearing before the introduction of its evidence. *United States v. McDaniel,* 449 F.2d 832 (8th Cir. 1971). Mere representations, no matter how honestly made, are insufficient to meet this burden. Proof is what is required. Either direct or indirect use in any way to improve or perfect a case against the accused is prohibited. *United States v. Rivera,* 23 U.S.C.M.A. 430, 50 C.M.R. 389, 1 M.J. 107 (1975). Although an evidentiary hearing was held in this case, I agree with the conclusion of the majority opinion that

the prosecution did not meet its burden in the instant case.