**UNITED STATES, Appellee,**

v.

**Stephen K. ENGLAND, Airman, U.S. Air Force, Appellant.**

No. 64,962.
ACM 28276.

U.S. Court of Military Appeals.

Argued Feb. 12, 1991.

Decided Sept. 3, 1991.

For Appellant: *Captain Richard W. Aldrich* (argued); *Lieutenant Colonel Jeffrey R. Owens* (on brief); *Colonel Richard F. O'Hair.*

For Appellee: *Captain James C. Sinwell* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief); *Major Paul H. Blackwell, Jr.*

*Opinion of the Court*

COX, Judge:

Appellant was convicted by general court-martial (military judge alone), following conditional guilty pleas, of one specification of wrongful use of cocaine on divers occasions, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $460.00 pay per month for 8 months, and reduction to airman basic (E–1). The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence. 30 MJ 1030 (1990).

We granted review to consider:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO GRANT THE MOTION TO DISMISS BASED ON THE GOVERNMENT'S IMPROPER USE OF IMMUNIZED TESTIMONY.

Following the drug-overdose death of an airman, five members living in the same

dormitory with the deceased were tested for substance abuse. One member, Airman Brister, tested positive for cocaine use. Brister confessed to investigators from the Office of Special Investigations (OSI) and implicated appellant, Airman Maish, and one other airman. Brister said appellant used cocaine on four separate occasions. Appellant was later interviewed by OSI investigators and admitted to cocaine use.

Appellant was interviewed several months later, pursuant to a grant of testimonial immunity, by Captain Steven N. Tomanelli, a judge advocate assigned to prosecute Airman Maish. It is this interview which gives rise to the issue on appeal. The purpose of the interview was to determine if appellant could provide corroborative evidence of drug use by Airman Maish. Appellant denied any knowledge.

The next month charges were preferred against appellant. Captain Tomanelli represented the Government at the pretrial investigation convened to consider whether appellant should be tried for the drug offenses. Art. 32, UCMJ, 10 USC § 832. Thereafter, at the suggestion of higher headquarters, Captain Tomanelli removed himself as trial counsel and did not participate further in the prosecution.

At trial, appellant moved to dismiss the case against him "on the grounds that ... [his] trial ha[d] been fatally tainted by the participation of government counsel after the accused's immunized statements were taken." Considerable testimony was heard on the motion before the military judge denied it.

Appellant also moved to suppress his confession due to lack of corroboration. Mil.R.Evid. 304(g), Manual for Courts-Martial, United States, 1984. The military judge granted the motion in part, admitting only those portions of the confession that involved appellant, Airman Brister, and two other airmen. Following the military judge's rulings, appellant entered pleas of guilty conditioned upon preserving his right to appeal these decisions. *See* RCM 910(a)(2), Manual, *supra.*

On review, the Court of Military Review asked the following rhetorical question:

> May a military member be tried by court-martial despite the fact that the Government possesses his immunized testimony? Yes—*provided the Government shoulders its heavy burden and proves that its evidence at trial arose completely independent of that immunized testimony. See Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

30 MJ at 1031.

The Court of Military Review then examined the record and concluded:

> We are confident the appellant's immunized testimony was never used to improve or perfect the Government's case. On 30 June the following two evidentiary matters were comfortably in Government hands:
>
> 1. Brister implicated the appellant; and
>
> 2. The appellant confessed.

Suppose that on that date—and until his trial—the appellant maintained silence, despite Government attempts to loosen his tongue with a grant of immunity. One cannot evade the logic of the situation—*all the facts necessary to convict the appellant were in place on 30 June.* There was no Government corporate thumb impermissibly tilting the scales of justice. To the contrary, the Government had ample evidence, independent of any compelled testimony, to convict the appellant.

*Id.* at 1032.

In *United States v. Gardner,* 22 MJ 28, 31 (CMA 1986), we suggested several factors to be considered in deciding whether the Government's evidence against appellant was obtained from a source wholly independent of appellant's immunized testimony, as follows:

1. Did the accused's immunized statement reveal anything "which was not already known to the Government by virtue of [the accused's] own pretrial statement"?

2. Was the investigation against the accused completed prior to the immunized statement?

3. Had "the decision to prosecute" accused been made prior to the immunized statement? and,

4. Did the trial counsel who had been exposed to the immunized testimony participate in the prosecution?

■ Appellant argues correctly that, once the Government elects to immunize a member in order to obtain evidence, immunity extends not only to use of the information obtained but also to derivative use. *United States v. Boyd*, 27 MJ 82 (CMA 1988); *see also United States v. North*, 910 F.2d 843, 860–63 (D.C.Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991). In order to protect an accused against derivative use of his coerced testimony, appellant urges us to adopt rigid guidelines which the Government must follow prior to prosecuting an accused who has been forced, by immunity, to give evidence to the Government. *See United States v. Eastman*, 2 MJ 417 (ACMR 1975). For example, *citing Eastman, Boyd,* and *Gardner,* appellant argues that the Government should be required to "compartmentalize" in advance of the immunity all the evidence it has against an accused, file it with a court, and then rely solely on that evidence to prosecute the accused. However, although the Government can most certainly make its case easier to prove by "cataloguing" or "freezing" its evidence, such is not required. *United States v. Gardner*, 22 MJ at 32.

■ What is required is that the Government prove by a preponderance of the evidence that it did not use the immunized testimony against an accused, either directly or indirectly. *Kastigar v. United States, supra.*

■ The most difficult question to resolve is the participation by Captain Tomanelli in both the immunized interview and the subsequent Article 32 investigation of appellant. It also is clear from his testimony at trial that the decision to prosecute appellant had not yet been made at the time of the immunized interview. However, here the immunized interview was focused only on the prosecution of another member, Airman Maish. It is significant that the military judge made a specific finding of fact supported by the evidence of record that nothing was learned in the interview which might incriminate appellant or otherwise be used to his disadvantage. Indeed, it appears that the interview was a "non-event." Not only was nothing learned about appellant's case; nothing was learned about Maish's case either. Nothing happened as a consequence of the interview. Likewise, there is nothing in the record which suggests that the decision to prosecute appellant was made as a result of the immunized interview.

Most certainly the better practice would have been for Captain Tomanelli to have divorced himself completely from appellant's case, even to the extent of forwarding the case to a different convening authority (or at least to the Circuit Trial Counsel in Air Force practice). We are satisfied, however, that appellant was not prejudiced by either the interview or Captain Tomanelli's participation in the Article 32 investigation. Art. 59(a), UCMJ, 10 USC § 859(a); *United States v. Gardner, supra.*

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.